THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT MCCOMB, | : | |
| Plaintiff, | : | Case No. 3:26-cv-84 |
| v. | : | Judge Walter H. Rice<br>Magistrate Judge Peter B. Silvain, Jr. |
| CITIBANK, N.A., d/b/a CITIRESOLVE, *et al.*, | : | |
| Defendants. | | |

---

ORDER OVERRULING MOTION FOR RECONSIDERATION OF PLAINTIFF ROBERT MCCOMB (DOC. #17); PLAINTIFF'S CLAIMS AGAINST CITIBANK, N.A., d/b/a CITIRESOLVE, REMAIN STAYED PENDING OUTCOME OF ARBITRATION

---

Before the Court is *Pro Se* Plaintiff Robert McComb's Motion for Reconsideration of this Court's August 5, 2026, Order Sustaining the Motion to Compel Arbitration and Stay Claims of Defendant Citibank, N.A., d/b/a Citiresolve ("Citibank") (Motion for Reconsideration, Doc. #17, PAGEID 848, citing Motion to Compel, Doc. #8; Order, Doc. #15). In the Order, the Court concluded that: Plaintiff assented to the Credit Card Agreement, including the Arbitration Agreement contained therein, and that the Card Agreement governs the relationship between Plaintiff and Citibank; and that, pursuant to the Card and Arbitration Agreements, Plaintiff's claims against Citibank arise out of his use of his Citibank credit card, and, thus, are subject to arbitration. (Doc. #15, PAGEID 843-46). On August 14, 2026, Plaintiff filed the Motion for Reconsideration.

"It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment." *In re Air Crash Disaster*, 86 F.3d 498, 518 (6th Cir. 1996).

> The Federal Rules of Civil Procedure do not reference a motion for reconsideration, but courts generally evaluate such motions under the same standard as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Justifications for relief exist under Rule 59(e) where there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.

*Harijot Enters., Inc. v. United States*, No. 2:16-cv-917, 2018 WL 11218268, *1 (S.D. Ohio Oct. 26, 2018 (Watson, J.), citing *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *United States v. Hazelwood*, No. 1:10-cr-150, 2011 WL 2565294, *16 (N.D. Ohio Jun. 27, 2011), *aff'd in part sub. nom. United States v. Darji*, 609 F. App'x 320 (6th Cir. 2015)). "Motions for reconsideration do not allow the losing party to 'repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.'" *Owner-Operator Ind. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 3d 895, 900 (S.D. Ohio 2003) (Marbley, J.), quoting *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir.1990).

In the Motion for Reconsideration, Plaintiff asserts the third justification for relief through two primary arguments: (1) that Citibank's internal investigations revealed that Plaintiff owed no debt, and, thus, Plaintiff's claims are outside the scope of the Arbitration Agreement (Doc. #17, PAGEID 848-51 (citations omitted)); and (2) the trial court erred in failing to conduct a trial or evidentiary hearing on

the question of whether a binding contract was ever formed. (*Id.* at PAGEID 851-55). The Arbitration Agreement covers "any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship[.]" (Doc. #8-1, PAGEID 574). Plaintiff's claims against Citibank arise out of a disputed charge on his Citibank credit card (Compl., Doc. #3, PAGEID 279-81, ¶¶ 10-26); thus, even accepting as true that Citibank confirmed that Plaintiff did not owe the debt, Plaintiff's claims fall squarely within his account and relationship with Citibank. Thus, Plaintiff's first argument is unavailing.

As to the second argument, Plaintiff previously claimed that the Arbitration Agreement was unenforceable due to Citibank failing to demonstrate contract formation or that Plaintiff received notice of and assented to the Arbitration Agreement. (Surreply, Doc. #14-1, PAGEID 814-17). Plaintiff further asserted that his "fraud, fraudulent misrepresentation, and fraudulent inducement claims arise from Defendants' conduct after Anthony John Doe allegedly verified that the debt did not exist, yet Defendants continued to demand payment of the balance and interest and caused Plaintiff to rely on those representations." (*Id.* at PAGEID 818, ¶ 24). However, the Court previously rejected Plaintiff's arguments against the validity and enforceability of the Card Agreement and Arbitration Agreement (Order, Doc. #15, PAGEID 843-46), and Plaintiff's assertions and caselaw in the Motion for Reconsideration do not lead the Court to conclude that it committed error at all, much less the clear error required to sustain Plaintiff's Motion.

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. #17) is OVERRULED. Plaintiff's claims against Citibank remain STAYED pending the outcome of that arbitration.

IT IS SO ORDERED.

August 18, 2026

Walter H. Rice

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT